**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4842**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WILLIAM MELVIN WILLIAMS, a/k/a Dick,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:06-cr-00019-WLO)

Submitted:  October 26, 2007        Decided:  November 19, 2007

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.  Randall Stuart Galyon, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, William Melvin Williams pled guilty to one count of distributing cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007). The district court imposed a 160-month variance sentence, twenty-eight months below the advisory guideline range. Williams timely appealed.

Williams' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of Williams' sentence. Counsel states, however, that he has found no meritorious grounds for appeal. Williams filed pro se supplemental briefs asserting additional claims. Finding no meritorious grounds for appeal, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), district courts are no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). It is the district court's responsibility "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)." United States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks and citations

omitted). If the appeals court concludes that the sentence achieves this goal, the sentence may be affirmed as reasonable. Id. To this end, the sentencing court should correctly determine the advisory guideline range and decide whether a sentence within the range serves the factors set out in § 3553(a). Id. at 560. If not, the court should first determine whether a departure is warranted. Id. If the court finds that the departure range is still inadequate, the court may impose a variance sentence. Id. at 560-61. When reviewing a variance sentence, the appeals court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citations omitted).

Having thoroughly reviewed Williams' sentence, we find that the district court properly calculated Williams' guideline range and acted reasonably in imposing the downward variance sentence. We also have thoroughly reviewed the issues raised in Williams' pro se supplemental briefs and find that they do not warrant relief. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Williams' conviction and sentence.

This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be

- 3 -

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED